UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS N. BALL, SR.

               Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS and STATE OF WAHSINGTON,

               Defendants.

No. C11-5966 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: March 9, 2012**

On November 21, 2011, Plaintiff filed his proposed civil rights complaint. ECF No. 1. On December 12, 2011, Plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 12) and ordered to show cause why his complaint should not be dismissed. ECF No. 7. Plaintiff was cautioned that if he failed to show cause or amend his complaint by January 13, 2012, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915. *Id.*, p. 7. Plaintiff has not responded to the Court's Order. The undersigned recommends that the action be dismissed as frivolous.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See*

REPORT AND RECOMMENDATION - 1

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a

REPORT AND RECOMMENDATION - 2

particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff alleges that he was injured in the kitchen at the Washington Correction Center on May 10, 2011, when he fell through a broken grate and tile in the kitchen floor. ECF No. 7, p. 3. He was rendered unconscious. Medical staff placed him in a neck brace and he was taken to a hospital approximately forty minutes later. He claims that there had been multiple work orders turned in to fix the problem with the floor grates and tiles. Plaintiff seeks $85,000.00 for "negligence and malpractice" against the Department of Corrections and State of Washington. *Id.*, p. 4.

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *Farmer v. Brennan,* 511 U.S. 825, 835-36 & n.4, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). And medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (9th Cir. 1998). To state a cause of action under § 1983, Plaintiff must allege that (1) the named Defendants deprived him of a right secured by the Constitution or laws of the United States and (2) that, in doing so, the Defendants acted under color of state law. See *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

As to any claim related to his medical treatment, Plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. Deliberate

REPORT AND RECOMMENDATION - 3

indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner's medical treatment. *Id*. at 104-5; see also *Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); McGuckin, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837.

As to any claim related to the condition of the kitchen floor, Plaintiff must include factual allegations that the prison officials knew of an objectively serious risk of harm and acted with deliberate indifference to it. *See Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). Plaintiff states only that there were "multiple work orders" to fix the problem with the grates and tiles, but he has provided no further facts describing the risk of harm.

REPORT AND RECOMMENDATION - 4

In addition, Plaintiff has not sued the proper parties. Plaintiff must set forth facts describing when, where and how *individually* named defendants deprived him of a constitutional right. Plaintiff must allege with specificity the names of the individual persons who caused or personally participated in causing the alleged deprivation of his constitutional rights and what they have done or failed to do that resulted in the deprivation of his constitutional rights. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). The "Department of Corrections" is not a "person" for purposes of a section 1983 civil rights action. Also, the State of Washington is not a proper party because it is well-established that the Eleventh Amendment affords non-consenting states constitutional immunity from suit in both federal and state courts. *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, Plaintiff may not sue the Department of Corrections or Washington State, but must name the individuals who harmed him.

Although the Court advised Plaintiff of the foregoing and gave him an opportunity to file an amended complaint to cure the noted deficiencies, he failed to do so.

## CONCLUSION

Plaintiff has been given ample opportunity to file an amended complaint to cure the noted deficiencies of his complaint. Plaintiff was warned that if he failed to do so or failed to adequately address the issues raised in the Court's Order, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike"

REPORT AND RECOMMENDATION - 5

under 28 U.S.C. § 1915(g). ECF No. 11, p. 7. Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. Accordingly, it is recommended that case should be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 9, 2012**, as noted in the caption.

**DATED** this   13th   day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6